UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE MOSS

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS
WARDEN B. G. COMPTON,

    Respondent.

Case No. C05-5800FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**APRIL 28th, 2006**

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed the petition as a writ of mandamus, but the case has been considered by the court as a petition brought under 28 U.S.C. § 2241. <u>See</u>, Order directing service (Dkt. # 4).

## FACTS AND SUMMARY

    Petitioner was sentenced by the Honorable Franklin D. Burgess in the United States District Court for the Western District of Washington at Tacoma. (Dkt. # 1 and 8). Petitioner does not challenge the sentence or conviction but instead alleges he was not properly credited for the amount of time he spent in state jail. (Dkt. # 1). At the time of filing this petition petitioner was in prison in Lompoc, California. (Dkt. # 1). The warden of that facility is B. G. Compton. (Dkt. # 1).

    Respondent has answered and contends the court lacks *in personam* jurisdiction over Warden

REPORT AND RECOMMENDATION
Page - 1

Compton and that petitioner did not exhaust administrative remedies prior to seeking habeas relief. (Dkt. # 8). Having considered the briefing the court agrees it does not have *in personam* jurisdiction and therefore does not address the second argument.

## DISCUSSION

Respondent is of the opinion that the proper type of petition to challenge the length of a sentence or execution of a sentence is a petition under 28 U.S.C. § 2241. Respondent notes that a petition filed under 28 U.S.C. § 2241 should be filed in the district where the inmate is confined. (Dkt. # 8, page 4); citing <u>Dunne v. Henman</u>, 875 F. 2d 244, 248-250 (9th Cir. 1989). The court in <u>Dunne</u> found the district court to have subject matter jurisdiction and noted the proper petition for a challenge to the length of confinement was a 2241 petition, but, the court dismissed the petition for lack of *in personam* jurisdiction. The court stated:

> While 28 U.S.C. § 1391 (e) provides for nationwide service of process on officers of the United States, that statute does not extend habeas corpus jurisdiction to persons outside the territorial limits of the district court. We conclude, therefore, that the district court lacked personal jurisdiction over the named respondent, the Warden of the United States Penitentiary, Marion Illinois.

<u>Dunn v. Henman</u>, 875 F.2d at 248 (citations omitted).

The <u>Dunne</u> case is controlling precedent on this issue. The court lacks jurisdiction over Warden B. G. Compton and this action should be dismissed for lack of *in personam* jurisdiction. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 28th, 2006**, as noted in the caption.

Dated this 10th day of April, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2